UNITED STATES v. ASTORIA & C. R. R. CO.

(Circuit Court, D. Oregon. August 12, 1904.)

No. 2,847.

1. UNITED STATES—ARMY SHIPMENTS—RIGHT TO REDUCED RATES.

The act of Congress of July 2, 1864, c. 217, 13 Stat. 370, § 11, requiring land-grant railroads to carry freight for the army at not exceeding 50 per cent. of the tariff rates charged the general public, does not entitle the government to a reduced rate for the carriage of freight between two points by a railroad company which received no land grant, merely because its trains run for a part of the distance over the track of a land-grant road.

In Equity. Suit for injunction.

John H. Hall, U. S. Atty.
C. W. & G. C. Fulton, for defendant.

BELLINGER, District Judge. The railroad of the Northern Pacific Company is a land-grant road. The act of Congress of July 2, 1864, c. 217, 13 Stat. 370, § 11, by which the company is incorporated, provides that said railroad, "or any part thereof, shall be a post route and a military road, subject to the use of the United States for postal, military, naval and all other government service, and also subject to such regulations as Congress may impose restricting the charges for such government transportation." By subsequent enactments it is provided, in effect, that land-grant roads shall be paid for army transportation not more than 50 per centum of the tariff rates for like transportation performed for the public at large. The defendant, the Astoria & Columbia River Railroad Company, owns and operates a line of road between Astoria

and Goble, a point on the line of the road of the Northern Pacific Company 40 miles distant from Portland. The defendant, under a contract with the latter company, runs its trains over the track of that company between Goble and Portland. By the terms of this contract, the defendant is not permitted to carry passengers or freight from Portland to Goble or intermediate points. The freight rate of the Northern Pacific Company from Portland to Goble is 14 cents per 100 pounds. The rate of the defendant company is 25 cents from Portland or Goble to Astoria. The United States brings this suit to enjoin the defendant from charging for army supplies from Portland, destined for Fort Stevens, a point beyond Astoria, more than 20 cents per 100 pounds; the contention being that two-fifths of the Portland-Astoria rate is on account of the haul on the land-grant road to Goble, and that of this two-fifths the defendant is only entitled to receive 50 per cent. of its regular rate.

The defendant's use of the Northern Pacific Railroad track between Portland and Goble does not affect the transportation due from the latter company to the plaintiff. It is still open to the latter to have its freight carried over every part of the railroad of the land-grant company at 50 per cent. of the regular rate. This is the extent of its right. And this right, as already appears, has not been affected by the use of a part of that company's track by the defendant company. It is a matter of no consequence to the plaintiff how many railroads use this particular track of the Northern Pacific Company, nor what their tariff rates are, so long as the latter company continues to afford all the facilities for transportation over every part of its road required by the plaintiff. As a matter of fact, the plaintiff seeks to compel the defendant, which is not a land-grant or otherwise government aided road, to transport its supplies over the defendant's road from Goble to Astoria at a less rate than that charged the general public, by the device of apportioning a part of the Goble-Astoria rate to the Portland-Goble route, and compelling a reduction in the part so apportioned. The defendant makes no charge between Portland and Goble, and is not permitted to do so, under its contract with the Northern Pacific Company. The plaintiff is entitled to one-half of the rate between these points established by the Northern Pacific Company, and can obtain it by applying therefor to that company. But this it does not want. It wants, in fact, a reduction of the defendant's rate between Goble and Astoria, although there is no complaint as to this rate, and the defendant owes no duty to the plaintiff respecting it.

The case does not appear to admit of doubt. The plaintiff must pay the established rate over the defendant's road for transportation from Goble to Astoria. It cannot complain that it is charged the same rate for the longer haul from Portland. The application for an injunction is denied.

END OF CASES IN VOL. 131.